# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| SAFECAST LIMITED, | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 6:22-cv-00678-ADA |
| GOOGLE LLC, | § § § | |
| Defendant. | § § § | JURY TRIAL DEMANDED |

## DEFENDANT GOOGLE LLC'S RULE 12(B)(6) MOTION
## TO DISMISS PLAINTIFF'S DIRECT INFRINGEMENT CLAIM

I.     **INTRODUCTION**

Defendant Google LLC ("Google") requests that the Court dismiss Plaintiff SafeCast Limited's ("SafeCast") claim of direct infringement because SafeCast's Complaint contains no allegations that could plausibly support a claim against the accused product, YouTube TV.

The asserted patent claims a system for "automating compliance with local broadcasting regulations laid down by a broadcasting authority." U.S. Patent No. 9,392,302 ("'302 Patent"), Cls. 1, 12. SafeCast's Complaint alleges that the Federal Communication Commission ("FCC") is the "broadcasting authority" and that FCC regulations about when certain advertisements can be shown are the "local broadcasting regulations." Dkt. 1, Ex. B ("Ex. B"), at 3. The problem with these allegations is that they cannot plausibly apply to the accused product. YouTube TV does not broadcast—it is a streaming service. But the FCC regulations apply to broadcasts over public airwaves and not to streaming services over the Internet like YouTube TV.

Counsel for Google explained this critical deficiency to counsel for SafeCast in detailed meet-and-confer letters before filing this motion and requested that SafeCast dismiss its Complaint. SafeCast refused. This is not the first time that counsel for SafeCast has continued to prosecute baseless claims for patent infringement. Indeed, courts across the country have repeatedly sanctioned counsel for SafeCast for similar conduct.[1] The pleadings are just as faulty here and warrant dismissal under Rule 12(b)(6).

---

[1] *See, e.g., Traxcell Tech. v. AT&T Corp.*, 2:17-cv-00718-RWS-RSP, Dkt. 520 (E.D. Tex. Mar. 29, 2022) (ordering plaintiff to pay more than $100,000 in attorneys' fees for pursuing unsupported infringement theories, filing meritless motions, and continually disregarding the Court's reasoning); *WPEM LLC v. SOTI Inc.*, 2:18-CV-00156-JRG, Dkt. 55 (E.D. Tex. Feb. 4, 2020) (admonishing plaintiff for failing to conduct a reasonable pre-suit investigation); *Traxcell Tech. v. Huawei Techs. USA Inc.*, 2:17-cv-00042-RWS-RSP, Dkt. 142 (E.D. Tex. Dec. 21, 2017) (awarding fees to defendant because of plaintiff's "unintelligible" infringement contentions); *NetSoc, LLC v. Chegg Inc.*, 1:18-CV-10262 (RA), Dkt. 118 (S.D.N.Y. Dec. 10, 2020) (awarding fees for asserting infringement based on a claim not in the asserted patents); *KI Ventures, LLC v.*

## II. STATEMENT OF RELEVANT FACTS

SafeCast's Complaint alleges direct infringement of at least claim 1 of the '302 Patent. Dkt. 1 at ¶ 17. Every claim of the '302 Patent recites a system for "automating compliance with local broadcasting regulations laid down by a local broadcasting authority." To illustrate, Claim 1 recites:

> 1. A system for automating compliance with **local broadcasting regulations laid down by a broadcasting authority** and applicable to advertisements, said advertisements being provided during time-shifted viewing/listening comprises:
>
> . . .
>
> advertisement supply means to supply advertisements within the periodic breaks, each advertisement having associated therewith a header comprising a first field related to a **local broadcasting time regulation** laid down by the broadcasting authority, which **local broadcasting time regulation** restricts the time of day at which said advertisement may be shown, and a second field related to the number of times said advertisement has previously been shown during time-shifted viewing;
>
> rules database means containing rules relating to said **local broadcasting time regulation**;
>
> . . .
>
> control means arranged to read said first field and said clock signal and said rules database and **to apply said local broadcasting time regulation** to each advertisement before said advertisement is shown[.]

*See id.* at 8:28–54 (emphases added).

SafeCast identifies "Google-owned advertising products" as the "Accused Instrumentalities," Dkt. 1 at ¶ 17, and its allegations focus on Google's YouTube TV, "an on-demand and live TV streaming service" that "a user subscribes to." Ex. B at 1, 2 (citing https://tv.youtube.com/welcome/?utm_servlet=prod).

SafeCast identifies the FCC as the "local broadcasting authority" and an FCC regulation that specifies broadcasting times for "indecent" and "profane material" as the alleged "local

---

*Fry's Electronics, Inc.*, 4:13-cv-1407, Dkt. 43 (S.D. Tex. Nov. 18, 2013) (dismissing case with prejudice under Rule 11 for failure to explain basis for infringement).

broadcasting time regulation." *Id.* at 3 (citing https://www.fcc.gov/media/radio/public-and-broadcasting). SafeCast alleges that YouTube TV provides ads that "abide by laws" and "provides advertisements in compliance with . . . FCC regulations." *Id.* at 4.

### III. LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

"A plaintiff is not required to plead infringement on an element-by-element basis," but "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp.*, 4 F.4th 1342, 1352–53 (Fed. Cir. 2021). A greater level of detail is required for elements that are material to practicing the asserted claim. *See id.* at 1353; *Vervain, LLC v. Micron Tech., Inc.*, 6:21-cv-00487-ADA, 2022 WL 23469, at *5, 9 (W.D. Tex. Jan. 3, 2022) (demanding more specificity in pleading for limitations that lay at the point of novelty or were critical to issuance of the patent).

### IV. THE FCC'S BROADCASTING REGULATIONS DO NOT APPLY TO YOUTUBE TV

SafeCast bases its infringement claim on the premise that the "FCC regulates local broadcasting time regulations based on the content shown," citing time restrictions for "Indecent Material" and "Profane Material." Ex. B at 3. SafeCast then (falsely) asserts that these FCC regulations apply to YouTube TV because "YouTube TV provides ads that 'abide by laws.'" Ex. B at 3.

While YouTube TV complies with applicable law, the FCC regulations on which SafeCast bases its allegations are not applicable to YouTube TV. As SafeCast's Complaint admits, YouTube TV is "a subscription streaming service" that provides "on-demand and live TV streaming service" and "works with streaming media players." Ex. B at 1, 2. Public evidence, subject to judicial notice,[2] demonstrates that FCC broadcasting regulations do not regulate streaming services like YouTube TV, even if those services carry content from broadcast networks. Specifically, the FCC's website confirms that the FCC does not and cannot regulate such streaming services, also called "over-the-top" services, stating that "Commission DOES NOT regulate . . . over-the-top offerings" and that "current law prevents the Commission from having any role of oversight" of over-the-top streaming video offerings. Ex. 1 to Decl. of S. Prabhakar (Michael O'Rielly | Commissioner, *FCC Regulatory Free Arena*, FCC (June 1, 2018, 11:15 am), https://www.fcc.gov/news-events/blog/2018/06/01/fcc-regulatory-free-arena (emphasis in original)). In short, the FCC's statement of its own jurisdiction and SafeCast's allegations in its Complaint confirm that the Complaint fails to state a plausible claim because YouTube TV does not "broadcast" and is not regulated by the "local broadcasting regulations" laid down by the FCC.

Recently, this Court dismissed a Second Amended Complaint by plaintiff Mesa Digital, LLC (represented by the same counsel as SafeCast) because it failed to plead factual allegations to support a plausible inference that two claim limitations were met. *Mesa Digital, LLC v. Cellco Partnership d/b/a Verizon Wireless*, Case No. 6:21-cv-01020, Dkt. 33 (W.D. Tex. July 26, 2022)

---

[2] The Court can take judicial notice of these government records in resolving a Rule 12(b)(6) motion. *See Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018) (noting that on Rule 12 motion a court may consider matters of public record); *Grecia Estate Holdings LLC, v. Meta Platforms Inc.*, 6:21-CV-00677, 2022 WL 2019296, at *6 (W.D. Tex. June 6, 2022) (taking judicial notice of communications with the PTAB); *Vervain, LLC v. Micron Tech., Inc.*, 2022 WL 23469, at *5 n.2 (taking judicial notice of prosecution history).

(granting motions to dismiss and strike, finding the plaintiff's second proposed amendment insufficient and futile). For a limitation requiring "using Bluetooth communications after accepting a passcode," Mesa pointed to Bluetooth with nothing more, and for a limitation requiring "a touch sensitive display screen," Mesa pointed to a physical keypad. *Id.*, Dkt. 13 at 5–9 (W.D. Tex. Feb. 8, 2022). The Court found those allegations insufficient to support direct infringement. *Id.*, Dkt. 33. Likewise, here, SafeCast's citation to an inapplicable FCC broadcasting regulation is insufficient to support direct infringement by YouTube TV, which is an over-the-top, Internet streaming service. *See also Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955-JRG, 2016 WL 3542430, at *4 (E.D. Tex. June 28, 2016) (dismissing "direct infringement pleadings [that were] constructed upon a fatally flawed foundation" because no factual allegations "even remotely suggest[ed]" that the defendant sold the product that was alleged to meet the claim limitation).

SafeCast's direct infringement claim against Google should be dismissed because it is implausible.

## V.   CONCLUSION

SafeCast's infringement claim is based on the false premise that YouTube TV is regulated by the FCC. It is not, and SafeCast does not and cannot allege facts to plausibly show differently. Accordingly, Google requests the Court to dismiss SafeCast's Complaint.

Dated:  September 6, 2022

/s/ *Luann L. Simmons, with permission by Shaun W. Hassett*
Michael E. Jones (TX Bar No. 10929400)
mikejones@potterminton.com
Shaun W. Hassett (TX Bar No. 24074372)
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
110 North College Avenue, Suite 500
Tyler, TX 75702
Telephone:  903-596-8311
Facsimile:  903-593-8406

Luann L. Simmons (*Pro Hac Vice*)
Email: lsimmons@omm.com
David S. Almeling (*Pro Hac Vice*)
Email: dalmeling@omm.com
Amy K. Liang (*Pro Hac Vice*)
Email: aliang@omm.com
Saurabh Prabhakar (*Pro Hac Vice*)
Email: sprabhakar@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, California  94111-3823
Telephone:      +1 415 984 8700
Facsimile:        +1 415 984 8701

Andrew Bledsoe (*Pro Hac Vice*)
Email: abledsoe@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive
17th Floor
Newport Beach, California 92660
Telephone:      +1 949 823 6900
Facsimile:        +1 949 823 6994

***ATTORNEYS FOR DEFENDANT GOOGLE LLC***