UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFECAST LIMITED,<br><br>              Plaintiff,<br><br>       v.<br><br>GOOGLE, LLC,<br><br>              Defendant. | Case No. 23-cv-03128-PCP<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

In this patent case, plaintiff SafeCast Limited claims that defendant Google, LLC's advertising products infringe its patent for automating compliance with broadcasting authority regulations governing the time at which certain ads may be shown. Google moves for dismissal on two grounds: first, because the patent's claims are directed to the abstract idea of "automating compliance" and lack an inventive concept, and are thus ineligible for patenting under 35 U.S.C. § 101; and second, because regardless of patent eligibility SafeCast fails to plausibly plead that Google has infringed SafeCast's patent.

Although the Court agrees that SafeCast's patent is directed at an abstract idea, the Court will not decide whether the patent must be invalidated as ineligible under Section 101 because SafeCast has not plausibly pleaded infringement. The complaint will therefore be dismissed with leave to amend and without prejudice to the renewal of Google's Section 101 arguments should SafeCast choose to file an amended complaint.

**I.    Background**

SafeCast has patented a "system for automating compliance with local broadcasting regulations laid down by a broadcasting authority and applicable to advertisements." The invention aimed to address a problem posed by the advent of personal video recorders (PVRs):

When viewers record programs to watch them later, "time-shifting … means that the recorded program[s] may contain advertisements which are unsuitable for the actual time of viewing," especially since some jurisdictions regulate the time at which certain kinds of ads may be shown.

SafeCast's patent first claims the following invention:

> [1a] A system for automating compliance with local broadcasting regulations laid down by a broadcasting authority and applicable to advertisements, said advertisements being provided during time-shifted viewing/listening comprises:
>
> [1b] programme supply means to supply broadcast digital video/audio programmes having therein periodic breaks for the insertion of advertisements;
>
> [1c] advertisement supply means to supply advertisements within the periodic breaks, each advertisement having associated therewith a header comprising a first field related to a local broadcasting time regulation laid down by the broadcasting authority, which local broadcasting time regulation restricts the time of day at which said advertisement may be shown, and a second field related to the number of times said advertisement has previously been shown during time-shifted viewing;
>
> [1d] rules database means containing rules relating to said local broadcasting time regulation;
>
> [1e] clock means to supply a real-time clock signal; and control means arranged to read said first field and said clock signal and said rules database and to apply said local broadcasting time regulation to each advertisement before said advertisement is shown;
>
> [1f] wherein the control means is further arranged to update the second field in the header of said advertisement when said advertisement is again shown during time-shifted viewing.

U.S. Patent No. 9,392,302 (bracketed enumerations as indicated in SafeCast's claim chart). This claim is alleged as exemplary.

SafeCast accuses "Google-owned advertising products" as the infringing instrumentalities. The claim chart included with SafeCast's complaint mentions several specific Google products, including YouTube TV, YouTube, and Google Ads. According to SafeCast, YouTube TV is a program that lets viewers "watch live TV, on demand video, and cloud-based DVR from major broadcast and popular cable networks," and that is "available on a wide range of Set Top Boxes (PVR machines)." Ads on YouTube TV are provided by the Google Ads program, which allows advertisers to "set where or when ads are shown based on features of their ideal audience" and to

2

"specify certain hours or days of the week" when they want their ads shown. Google Ads provides advertisements that are "designed" to "abide by laws" and "comply with the local laws for any area … ads target." YouTube TV programs are supplied from "major broadcast and popular cable networks," and advertisements are supplied by Google Ads. SafeCast claims that "YouTube enforces local regulations that it refers to as 'Community Guidelines'" using a "combination of people and technology." SafeCast also claims that Google has a "control means" that "counts the number of times an advertisement is viewed," and speculates that "Google can provide a rules database or equivalent thereof to track such rules for ensuring compliance." SafeCast claims that these accused products directly infringe one or more of the claims of its patent.

SafeCast filed this action in the Western District of Texas in June 2022 and amended its complaint shortly thereafter. Google then moved to dismiss. In June 2023, before Google's motion was resolved, the case was transferred to this District and the motion terminated. Google then filed the present motion to dismiss. This is the first time SafeCast's claims have come before a court.

## II.     Legal Standards

Rule 12(b)(6) governs dismissal for "failure to state a claim upon which relief can be granted." A complaint must "plausibly suggest" that the plaintiff is entitled to relief, meaning "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009). In patent cases, this means "allegations that … articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009).

35 U.S.C. § 101 makes patentable "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." This broad provision has an important exception: "Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). A patent is "not rendered ineligible … simply because it involves an abstract concept." *Id.* at 217. But it must apply that concept "to a new and useful end." *Id.* Thus, in determining whether a patent is eligible under

3

1    Section 101, the first question is "whether the claims at issue are directed to one of those patent-
2    ineligible concepts." *Id.* If so, the second question is whether the "additional elements" of the
3    claim "transform [its] nature … into a patent-eligible application." *Id.* (cleaned up). This inquiry
4    involves "a search for an 'inventive concept' … sufficient to ensure that the patent in practice
5    amounts to significantly more than a patent upon the ineligible concept itself." *Id.* (cleaned up).
6        Patents are "presumed valid." 35 U.S.C. § 282(a). The "burden of establishing invalidity"
7    is on the party asserting it. *Id.* This requires "clear and convincing evidence." *Microsoft Corp. v.*
8    *i4i L.P.*, 564 U.S. 91, 95 (2011). Eligibility "is a question of law" with "underlying questions of
9    fact." *Simio, LLC v. FlexSim Software Prods., Inc.*, 983 F.3d 1353, 1358–59 (Fed. Cir. 2020).

### III. SafeCast's Patent Is Directed To an Abstract Concept.

*Alice*'s "first step … asks whether the focus of the claims is on the specific asserted improvement in computer capabilities … or, instead, on a process that qualifies as an 'abstract idea' for which computers are invoked merely as a tool." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335–36 (Fed. Cir. 2016). SafeCast's patent here is directed to the abstract concept of "automating compliance with … broadcast regulations." The patent's claims are not directed to hardware or software changes that "improve the functioning of the computer"—or PVR—"itself." *Cf. Alice*, 573 U.S. at 225. Instead, they invoke "unspecified, generic computer[s]" as tools to automate abstract processes that humans could theoretically (if less efficiently) also accomplish on their own. *See id.* at 226; *Intell. Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1318 (Fed. Cir. 2016) ("[N]othing in the claims … foreclose[s] them from being performed by a human.").

Because the patent here is directed to an abstract idea, whether its claims are patent-eligible under Section 101 turns on the second step of *Alice*: whether there are additional elements that transform their nature into a patent-eligible invention. This is a closer legal question that may turn on "underlying questions of fact." *See Simio*, 983 F.3d at 1359. Because SafeCast has failed to state a plausible infringement claim against Google and its existing complaint must be dismissed, as discussed below, a full eligibility analysis would be premature at this point. The Court will instead resolve that issue on the basis of the allegations in any amended complaint SafeCast might choose to file (should Google conclude that its argument still applies).

4

### IV. SafeCast Fails To State a Plausible Patent Infringement Claim Against Google Because It Does Not Identify An Applicable Broadcasting Authority or Regulation.

SafeCast contends that YouTube TV and other Google advertising products directly infringe its patent. SafeCast's patent claims, including claim one which is alleged as exemplary, each revolve around "compliance with local broadcasting regulations laid down by a broadcasting authority and applicable to advertisements." According to the complaint and claim chart, Google enforces its own "Community Guidelines" and "provides advertisements that 'are designed' to 'abide by laws'" and "will comply with the local laws for any area … ads target." Dkt. No. 23-1, at 1. Even assuming these allegations are true, however, they fail to "articulate why it is plausible that the accused product infringes the patent claim." *See Bot M8*, 4 F.4th at 1353. The reason is simple: Regardless whether compliance is required, SafeCast does not identify a single "broadcasting regulation laid down by a broadcasting authority" with which YouTube TV or any other Google product complies.

First, it is questionable whether YouTube's own "Community Guidelines" qualify as a "local broadcasting regulation." Merriam-Webster, for example, defines "regulation" as "an authoritative rule dealing with details or procedure," or "a rule or order issued by an executive authority or regulatory agency of a government having the force of law." It is doubtful that mere "guidelines" meet this or any similar definition of regulation. But even assuming they do, the Community Guidelines are clearly not "laid down by a broadcasting authority" as the patent's limitations require. They are instead laid down by Google itself. As the Google page that SafeCast cites makes clear, these "Community Guidelines … set the rules of the road for what *we* don't allow on YouTube." Dkt. No. 23-1, at 2 (citing the "YouTube Community Guidelines Enforcement" webpage, available at perma.cc/93L2-53UD) (emphasis added).[1] Accordingly, Google's Community Guidelines do not meet the first limitation of the claim.

The other potential "local broadcasting regulations" SafeCast identifies are the "laws" and "local laws" with which Google purportedly claims to comply. But a close read of the Google

---

[1] The Court concludes that Google's policy webpages, which SafeCast selectively quotes in its claim chart, are incorporated by reference into SafeCast's complaint because Google's purported representations are explicitly quoted and cited and are central to SafeCast's infringement allegations. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

documents SafeCast incorporates by reference reveals that it is Google's own advertising *policies* that are "designed to … abide by applicable laws," not the ads themselves. *See* Dkt. No. 23-1, at 2 (citing the "Google Ads policies" webpage, available at perma.cc/ELR6-FHSD). Similarly, Google's policies say that *advertisers*, not ads, "must comply with the local laws and regulations of any area their ads target," which undercuts SafeCast's assertion that Google itself automates local compliance. *See id.* (citing Google's "Legal requirements" webpage, available at perma.cc/3TDU-JJCU). In any case, these barebones assertions of generic legal compliance are far too generalized to plausibly suggest infringement because they do not show that the "laws" in question are broadcasting regulations, let alone that they are laid down by a broadcasting authority, as required to state an infringement claim for this patent. *See also SafeCast Ltd. v. AT&T Corp.*, Case No. 22-cv-00676 (W.D. Tex. Jun. 26, 2023) (dismissing infringement claims involving the same patent and a different streaming provider because "SafeCast fail[ed] to identify a local broadcasting time regulation issued by a broadcasting authority, as required by the claim limitations").

Without identifying a broadcasting regulation laid down by a local broadcasting authority with which YouTube TV or another Google product complies, SafeCast's infringement allegations remain conclusory and fail to state a claim under Rule 12(b)(6).

## V.  Conclusion

For the foregoing reasons, SafeCast fails to state a plausible patent infringement claim against Google. Its complaint is therefore dismissed. SafeCast is granted leave to file an amended complaint within 14 days of this order. If SafeCast does not file a new complaint within that period, the Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: November 22, 2023

P. Casey Pitts
United States District Judge